UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KIRK ALAN WALKER,

        Plaintiff,

v.

CHRISTA J. GROSHEK, TRAVIS
SCHWANTES, RICHARD D. ALLEN,
DOUGLAS JOHNSON, CHRISTINE M.
VOLKERS, ERIK SKON, VINCE KRENZ,
MARY STAHL-SWANSON, MIKE GREEN,
ELIZABETH H. MARTIN, and
GARY R. SCHURRER,

        Defendants.

Civil No. 06-1299 (DSD/JSM)

**REPORT AND RECOMMENDATION**

Plaintiff, a Minnesota state prison inmate, commenced this action by filing a self-styled complaint seeking relief under 42 U.S.C. § 1983, for alleged violations of his federal constitutional rights. (Docket No. 1.) The case has been assigned to the undersigned Magistrate Judge of the District Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted, and that this action should therefore be

---

[1] Plaintiff did not tender the required filing fee with his complaint, but instead filed an application for IFP status. (Docket No. 2.) By order dated April 10, 2006, (Docket No. 4), the Court advised Plaintiff that his IFP application would not be addressed, and his action could not proceed, unless he (a) filed an amended IFP application, and (b) paid the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). Plaintiff still has not filed an amended IFP application, but he has tendered an initial partial filing of $8.00. While it might well be appropriate to summarily dismiss this matter based on Plaintiff's failure to comply with all of the requirements of the prior order, the Court will nevertheless consider Plaintiff's IFP application and complaint at this time.

dismissed pursuant to § 1915A(b)(1).

## I. BACKGROUND

On or about April 28, 2005, Plaintiff was charged with violating a prison regulation, because he allegedly sent some type of threatening correspondence to a correctional official at the prison where he was then confined. Evidently, that incident was brought to the attention of the local county attorney for the county in which the prison is located, and Plaintiff was then charged with violating a state criminal statute that outlaws "terroristic threats." It clearly appears from Plaintiff's submissions that the state criminal charges that were brought against him are still pending.

Plaintiff is now attempting to sue various prison officials and county government officials for allegedly violating his federal constitutional rights during the course of the state criminal action that has been brought against him. He claims that Defendants have violated his rights to due process by fabricating evidence against him, by refusing to provide him with copies of certain evidentiary materials, by denying his requests for a new defense attorney, and by otherwise disregarding his protected rights as a defendant in an ongoing criminal prosecution. Plaintiff is seeking a declaratory judgment that would establish and uphold his constitutional rights in connection with his pending state criminal case, and he is also seeking compensatory and punitive damages from the various named Defendants.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from governmental Defendants, his pleading must be screened in accordance with the procedures prescribed by 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("PLRA"), requires federal courts to screen the pleadings in every prisoner civil action

against governmental entities and employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed. 28 U.S.C. § 1915A(b)(1).

Here, the action must be dismissed in its entirety pursuant to § 1915A(b)(1), because Plaintiff's claims are barred under the principles discussed by the Supreme Court in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). In <u>Heck</u>, the Court re-affirmed that habeas corpus is the exclusive federal remedy for a party who believes that he has been wrongly detained and prosecuted pursuant to a state criminal proceeding. <u>Id</u>. at 481. Even if the party is seeking only money damages, he cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement." <u>Heck</u>, 512 U.S. at 483. <u>See also</u> <u>Sheldon v. Hundley</u>, 83 F.3d 231, 233 (8th Cir. 1996) ("<u>Heck</u> requires favorable termination of the action in an authorized state tribunal or a federal habeas corpus court, even if the claim is for damages rather than earlier release").

The principles discussed in <u>Heck</u> apply even when a party has not yet been convicted of a crime, but is merely awaiting the resolution of pending criminal charges. <u>Harvey v. Waldron</u>, 210 F.3d 1008, 1014 (9th Cir. 2000). If a judgment in favor of the plaintiff in a civil rights action would effectively exonerate him from pending criminal charges, then the action is barred by the principles discussed in <u>Heck</u>. <u>Id</u>. ("We agree with the Second, Third, Sixth, Seventh, Tenth and Eleventh Circuits and hold that <u>Heck</u> applies to pending criminal charges, and that a claim, that if successful would necessarily imply the invalidity of a conviction in a pending criminal prosecution, does not accrue so long as the potential for a conviction in the

3

pending criminal prosecution continues to exist"). See also Beck v. City of Muskogee Police Dept. 195 F.3d 553, 557 (10th Cir. 1999) ("Heck precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges"); Smith v. Holtz, 87 F.3d 108, 113 (3rd Cir.) ("we hold that a claim that, if successful, would necessarily imply the invalidity of a conviction on a pending criminal charge is not cognizable under § 1983"), cert. denied, 519 U.S. 1041 (1996).

In this case, it clearly appears that a judgment in Plaintiff's favor in his present civil rights lawsuit would effectively invalidate the state criminal charges currently pending against him. If Plaintiff's current claims for relief were sustained in this action, the state criminal action that has been brought against him would undoubtedly have to be dismissed. Therefore, Heck clearly applies to this case and prevents Plaintiff from bringing his present civil rights complaint in federal court at this time.

### III. CONCLUSION

In sum, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted, because he cannot bring a civil rights action, which, in effect, challenges the validity of the state criminal charges that are currently pending against him. Because Plaintiff has failed to plead a cognizable claim for relief, this action must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b). It follows that Plaintiff's application for leave to proceed in forma pauperis, (see fn. 1, supra), must also be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff will remain liable for

the unpaid balance of the $250 filing fee.[2] To date, he has paid only $8.00, so he still owes $242.00 at this time. Prison officials will have to deduct that amount from Plaintiff's institutional trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Finally, the Court will recommend that the dismissal of this action count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely $242.00, in accordance with 28 U.S.C. § 1915(b)(2); and

---

[2] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

4. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: May 25, 2006

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 12, 2006**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.